UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY, | Case No. 2:23-cv-01332-DJC-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | SCREENING THE COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| TACO BELL, | |
| Defendant. | ECF Nos. 1 & 2 |
| | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff filed a complaint purporting to assert claims against Taco Bell, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed with leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1  possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not
2  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
4  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5  n.2 (9th Cir. 2006) (en banc) (citations omitted).

6        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
7  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
8  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **Analysis**

14       The complaint is unintelligible and fails to assert any cause of action.  *See generally* ECF
15 No. 1.  Indeed, the complaint contains one sentence describing the purport claim: "The courts did
16 not do fact checks on the [illegible] I asked: call my Congresswoman Doris Matsui 916 498-
17 5600." *Id.* at 5.

18       The complaint fails to comport with Rule 8's requirement that it present a short and plain
19 statement of plaintiff's claims.  Fed. R. Civ. P. 8(a).  The complaint names "Taco Bell" as the
20 defendant, but the complaint does not provide any identifiable information for which Taco Bell he
21 wishes to bring suit against.  And, in any event, the complaint asserts no discernable facts relating
22 to Taco Bell.  Allegations in a complaint must identify actions taken by a defendant to support a
23 claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The
24 plaintiff must allege with at least some degree of particularity overt acts which defendants
25 engaged in that support the plaintiff's claim.").  The complaint fails to meet that requirement.

26       I will allow plaintiff a chance to amend his complaint before recommending that this
27 action be dismissed.  Plaintiff should also take care to add specific factual allegations against the
28 defendant.  If plaintiff decides to file an amended complaint, the amended complaint will

1  supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
2  (en banc).  This means that the amended complaint will need to be complete on its face without
3  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is
4  filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in
5  the original, plaintiff will need to assert each claim and allege each defendant's involvement in
6  sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer
7  to the appropriate case number.  If plaintiff does not file an amended complaint, I will
8  recommend that this action be dismissed.

9        Accordingly, it is hereby ORDERED that:

10       1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

11       2.  Within thirty days from the service of this order, plaintiff must either file an
12 amended complaint or advise the court he wishes to stand by his current complaint.  If he selects
13 the latter option, I will recommend that this action be dismissed.

14       3.  Failure to comply with this order will result in a recommendation that this action be
15 dismissed.

IT IS SO ORDERED.

Dated:     January 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3