UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY, <br><br>          Plaintiff, <br><br>     v. <br><br> TACO BELL, <br><br>          Defendant. | Case No.  2:23-cv-01332-DJC-JDP (PS) <br><br> **FINDINGS AND RECOMMENDATIONS** <br><br> THAT THE FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND <br><br> ECF No. 12 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff's first amended complaint continues to assert vague and nonsensical claims against Taco Bell.  Since the complaint has failed to cure the deficiencies identified in my earlier screening order, I now recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff continues to allege that he is owned money from Taco Bell since he is the founder and owner of the company. ECF No. 12 at 2. Plaintiff also claims that he "was a trillionaire before [he] was 9 years old" and that he "save[d] the life of president Ford on November 10, 1976 on the Sacramento Capital lawn." *Id.* at 2-3. These vague and conclusory allegations do not state cognizable or intelligible claims, and plaintiff has not alleged any other basis for federal jurisdiction. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

I find that, given plaintiff's inability to remedy the underlying deficiencies in his initial complaint, no further opportunities to amend are warranted. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (holding that dismissal without leave to amend is proper where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 12, be dismissed for failure to state

1 a claim.

2     2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 18, 2024                                  
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE